IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-00010-MSK-06

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**6. RICHARD W. JOHNSON**,

        Defendant.

---

**MOTION TO DETAIN RICHARD W. JOHNSON WITHOUT BOND**

---

The United States of America, by United States Attorney for the District of Colorado John F. Walsh, through Assistant United States Attorney Guy Till (Government), hereby enters the Government's Motion to Detain Defendant Richard W. Johnson (defendant) Without Bond pursuant to the terms of Title 18 U.S.C. § 3142 (Motion). The Government respectfully asks the Court to take judicial notice of the contents of its own file in this case.

    1. The defendant has been charged with violations giving rise to the Title 18 U.S.C. § 3142 statutory presumption favoring detention without bond. *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1990). Other pertinent factors show the defendant is a risk of flight and a danger to the community. The defendant is fully patched "christened" of the Hell's Lovers Motorcycle Club (HLMC), a self styled "0%" "outlaw" motorcycle organization. Upon information and belief, the defendant is an "enforcer" for the HLMC. The HLMC has chapters in a number of states and is generally known as a criminal culture organization comprised of more than one thousand members and associates. *See*:

1

http://en.wikipedia.org/wiki/Hell's_Lovers.  The HLMC has resources which could support the flight of a defendant from prosecution.

    2.  As to defendant Richard W. Johnson, the Indictment in the present case includes charges of violating Title 21 U.S.C. §§ 846 and 856 in Count Thirty-One, conspiracy to maintain and use drug-involved premises informally known as the HLMC clubhouse.  On Friday night, January 20, 2012, defendant Johnson was arrested by ATF on a federal warrant at the HLMC clubhouse.  At the time of his arrest, defendant Johnson was wearing a holster, and ATF special agents found ammunition on Johnson's person.  A pistol consistent with the ammunition recovered from Johnson was found by ATF special agents on the floor of the HLMC clubhouse.  When questioned about the holster, the pistol and the ammunition, defendant Johnson denied that the pistol found on the floor of the clubhouse was his pistol.  Johnson explained that the pistol was a "clubhouse" weapon.  Defendant Johnson explained he had ammunition for the pistol on his person because he was an "enforcer" for HLMC.  Johnson stated a part of his duties as an "enforcer" was insuring the availability of ammunition for the clubhouse weapon.  Johnson explained the holster Johnson was wearing went with his personal weapon, a Glock 9mm pistol, which Johnson did not bring to the clubhouse that evening.  Johnson stated he left his Glock 9mm at his home because he had a bad feeling about the evening.  As a person with a domestic violence conviction on his record, defendant Johnson is prohibited from possessing a firearm under Title 18 U.S. C. § 922(g)(9).

    3.  On January 21, 2012, , based on the law enforcement investigation and statements made by Johnson on January 20, 2012, ATF Special Agent Jason Cole applied for a search warrant for the residence of defendant Johnson.  The search warrant was issued and served on

the evening of January 21, 2012.  Items of evidentiary interest were recovered from Johnson's home, including approximately 100 rounds of 9mm ammunition and a sawed-off shotgun.  Defendant Johnson's Glock 9mm pistol was not located.   The "clubhouse" weapon may become the basis for a Title 18 U.S.C. § 924(c) charge against defendant Johnson.  Defendant Johnson, as a prohibited person, is also subject to possible charges based on the possession of a sawed-off shotgun, the clubhouse weapon, his Glock 9mm, and ammunition.

    4.  The Government here states that many of the counts in the Indictment, including Counts Thirty-One and Thirty-Two are based on an undercover ATF investigation which used a number of confidential human sources of information to develop evidence and make controlled purchases.   The confidential human sources of information cooperating with the ATF were able to advance the investigation because they were acquainted with this defendant and other members of the HLMC.   As an organization, the HLMC is know to use violence to achieve organizational objectives.  HLMC members are subject to physical assault for even a minor breach of HLMC rules.

    5.  The charges are serious, giving rise to the presumption favoring detention without bond.  The penalties are substantial.  Additional charges may be forthcoming.  The defendant has ties to HLMC members and associates with resources to support the defendant's flight and evasion of prosecution if he were released on bond.   Further, the safety and reasonable security of witnesses in this case, including the safety of confidential human source of information type witnesses, is of concern to the Government.

    6.  In a case of this nature involving a civilian witness, such as a confidential human source of information known to the defendant, the Government respectfully submits that no

conditions or combination of conditions of release can reasonably insure the safety of another person (the confidential informant witness) and the public .

WHEREFORE, the Government respectfully asks the Court to find no conditions or combination of conditions of pretrial release can reasonably assure the appearance of the defendant as required and the safety of the community or another person, thus giving effect to the presumptions favoring detention in Title 18 U.S.C. § 3142 in cases of this kind.  The Government respectfully asks the Court to enter an order detaining the defendant without bond pursuant to the  terms of Title 18 U.S.C. § 3142.

Respectfully submitted this 23rd day of January 2012.

                JOHN F. WALSH
                United States Attorney


                BY: s/ Guy Till
                GUY TILL
                Assistant United States Attorney
                United States Attorney's Office
                1225 Seventeenth Street, Suite 700
                Denver, Colorado 80202
                Telephone: (303) 454-141
                FAX: (303) 454-0401
                E-mail: Guy.Till@usdoj.gov
                Attorney for Government

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 23rd day of January, 2012, I electronically filed the foregoing **MOTION TO DETAIN RICHARD W. JOHNSON  WITHOUT BOND** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

All counsel on record

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand deliver, etc.) indicated by the non-participant's name:

                By: s/ Debbie Azua-Dillehay
                DEBBIE AZUA-DILLEHAY
                Legal Assistant
                1225 Seventeenth Street, Suite 700
                Denver, Colorado 80202
                Telephone: (303) 454-0100
                Facsimile: (303) 454-0406
                E-mail: Debbie.Azua-Dillehay@usdoj.gov