IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-00010-MSK-1

UNITED STATES OF AMERICA,
Plaintiff,
v.

#6 RICHARD W. JOHNSON
Defendant.

---

DEFENDANT'S OBJECTION TO PRE-TRIAL DETENTION AND HIS REQUEST FOR PRE-TRIAL RELEASE

---

COMES NOW Richard W. Johnson (Defendant #6), by and through counsel, and hereby objects to the government's Motion to Detain Without Bond.  In support of his objection, Defendant Richard W. Johnson (Defendant #6) states the following:

General Denials and Responses

1.  Defendant Johnson (Defendant #6) admits that he has been charged with a crime wherein the presumption is for detention.

2.  Defendant Johnson (Defendant #6) denies that he has resources, either

1

independently or through friends or associates that would allow him to leave Colorado. Defendant will further address his 'flight' risk later in this response.

3. Defendant Johnson (Defendant #6) is not a threat to any confidential information or source. In order to show his good faith and lack of threat to any confidential informant or source, Defendant Johnson (Defendant #6) hereby agrees to the Government's Motion for Protective Order (Doc. #41).

4. Defendant Johnson denies that he is a threat to the community. Upon information and belief, the government conducted a lengthy investigation into the activities of the HLMC, perhaps an investigation that spanned years. Upon information and belief, during the course of the investigation, the government took no steps to protect the community from the alleged 'threat' they faced. In fact, given the government's own information, contained in their motions, the government used civilian confidential informants to gather information and conduct surveillance. Only now, upon the return of the indictment, does the government claim a threat to the community.

5. The Wikipedia page cited by the government in its Motion to Detain Without Bond states that the Wisconsin Department of Justice describes the HLMC's criminal activity as decreasing.[1]

---

[1] Defendant does not, however, agree that Wikipedia is a peer reviewed or scientific periodical and suggests that the Court should disregard any information contained or found on Wikipedia as lacking any reasonable standard of reliability or relevance to the question of detention.

6. The government states that Defendant Johnson (Defendant #6) has a prior conviction for misdemeanor domestic assault, thereby making him ineligible to possess a firearm pursuant to 18 U.S.C. § 922(g)(9). Defendant Johnson (Defendant #6) does not recall being convicted of a misdemeanor domestic assault charge. Instead, he believes that he plead guilty to disorderly conduct with a condition that he complete a domestic violence course and that the domestic violence charge was dismissed. Defendant Johnson also notes that the government describes the shotgun as being "sawed off" but that no barrel length is provided nor does the government allege that the shotgun itself is illegal.[2]

## The Presumption for Detention Can be Rebutted

7. Defendant Johnson (Defendant #6) has numerous 18 U.S.C. § 3142 (g) factors

---

[2] Defendant also argues that even if he does have a predicate misdemeanor domestic violence conviction, 18 U.S.C. § 922 (g)(9) is unconstitutional in light of *Columbia v. Heller*, 554 U.S. 570 (2008) wherein the Court said that:
> "[a]lthough we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms."

Certainly the Court was aware of § 922 (g)(9). Perhaps the Court intentionally left § 922(g)(9) off the list of "longstanding prohibitions" due to the recent enactment of this section in 1996.

3

which rebut the presumption for detention.

8.  Defendant Johnson (Defendant #6) has extensive family ties to the Denver, Colorado metropolitan area.  His wife and two children reside in the Denver, Colorado metropolitan area.

9.  Defendant Johnson (Defendant #6) was employed by Road Safe Flagging Barricade Company.  He was laid off eight (8) months ago, but Defendant Johnson (Defendant #6) believes that he will be hired again if he is released.

10. Defendant Johnson (Defendant #6) has no savings or independent financial resources (and was, as a result, appointed CJA counsel), therefore, Defendant does not have the financial means to leave the Denver, Colorado metropolitan area.

11.  Defendant Johnson (Defendant #6) has resided in the Denver, Colorado metropolitan area since 1991.  This is his home.

12.  Defendant Johnson (Defendant #6) resides with his wife of 33 years.  His wife is in school and she also has suffered from stomach cancer, yet another reason as to why he has no reason or desire to leave the metropolitan area since he would be leaving his wife, his life-long companion.

13.  Defendant Johnson (Defendant #6) would reside with his wife.  The location

4

of their home is, upon information and belief, suitable for home detention and electronic monitoring and/or GPS monitoring, or a combination of all three.

14.  Defendant Johnson (Defendant #6) does not use illegal drugs.

15.  Upon information and belief, Defendant Johnson (Defendant #6) has minimal criminal history; upon information and belief, he has no prior felony convictions.

16.  Upon information and belief, Defendant Johnson (Defendant #6) has not failed to appear in court.

17.  Defendant Johnson (Defendant #6) is 56 years old, born May 8, 1955.  He is suffering from high blood pressure, gout and arthritis and on medication for each ailment.

## Conclusion and Prayer for Relief

18.  Defendant Richard W. Johnson (Defendant #6), respectfully requests the Court grant him pre-trail release.  He has successfully rebutted the presumption of detention found in the 18 U.S.C. § 3142.

19.  Contrary to the government's contention, the Court has a number of options to secure the defendant's presence in court, as well as the safety of the community.  Defendant Johnson's (Defondant #6) long standing ties to the community,

including the presence of his family, are strong indicators that he has no intention of leaving or fleeing prosecution. Along with his strong ties to the community, he lives in a suitable location for electronic monitoring and/or home confinement and/or GPS monitoring. These facts, along with his consent to the government's request to protect the nature of the discovery, demonstrate that he is not a threat to the community nor a flight risk.

20. The Tenth Circuit has held that "a defendant may be detained pending trial only if a judicial officer finds 'that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *United States v. Cisneros*, 328 F. 3d 610, 616 (10th Cir. 2003). In order to prove risk of flight, "[t]he government must prove risk of flight by a preponderance of the evidence[.]" *Id.* The government "must prove dangerousness to any other person or to the community by clear and convincing evidence" *Id.* citing 18 U.S.C. §3142(f) .

WHEREFORE, Richard W. Johnson (Defendant #6) respectfully requests pre-trail release.

DATED at Denver, Colorado this, 26th day of January, 2012.

6

/s/Miller Leonard  
Attorney for Defendant  
CO Reg. # 41029  
1767 Denver West Blvd. Suite A  
Golden, CO 80401  
303-907-9516  
milller@themillerleonardlawfirm.com

CERTIFICATE OF SERVICE

I hereby certify that this Entry of Appearance was delivered, via the ECF system for the District of Colorado to all parties, this 26th day of January, 2012.

/s/ Miller Leonard

7