IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.12-cr-00010-MSK-06

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**6. RICHARD W. JOHNSON**,

    Defendant.

_____

**GOVERNMENT'S
MOTION FOR A STAY OF RELEASE ORDER
AND DISTRICT COURT REVIEW AND REVOCATION OF RELEASE ORDER
PURSUANT TO TITLE 18 U.S.C. § 3145**
_____

    The United States of America, by District of Colorado United States Attorney John F. Walsh, through the undersigned Assistant United States Attorney Guy Till (Government), pursuant to Bail Reform Act at Title 18 U.S.C. §§ 3142 and 3145 and the All Writs Act at Title 28 U.S.C. § 1651, hereby respectfully enters the Government's Motion for Revocation of the Release Order entered by the Honorable United States Magistrate Judge Craig B. Shaffer on Thursday, January 26, 2012, at approximately 2:00 p.m., as to the above named defendant, Richard W. Johnson. The Government respectfully asks the Court to take judicial notice of the contents of its own files in this case and the contents of the Pretrial Services Bond Hearing report. The Government respectfully states, proffers, and represents to the Court as follows:

    1. The Pretrial Services Bond Hearing Report recommended detention without bond. The Honorable United States Magistrate Judge denied the government's motion to detain the defendant without bond and ordered the defendant released on unsecured bond, with conditions, including electronic monitoring. Upon information and belief, the United States Magistrate Judge's release order has been effectively stayed until on or about the close of business January 27, 2012, to permit the Pretrial Services Officers a period of time to establish arrangements for

1

electronic monitoring.  Due to that logistical delay, the Government did not ask the United States Magistrate Judge for a stay in order for the District Court to exercise its jurisdiction to consider the present Government motion to review the United States Magistrate Judge's release order pursuant to Title 18 U.S.C. § 3145.  *See United States v. Cisneros*, 328 F.3d 610, 615 (10th Cir. 2003).   The Government respectfully asks for a *de novo* hearing on the issue of pretrial detention.  To preserve the status quo until the District Court can conduct proceedings pursuant to Title 18 U.S.C. § 3145, the Government respectfully asks the District Court to enter a stay of the United States Magistrate Judge's release order at this time.

     2.   The defendant is over 57 years of age.  The defendant's NCIC shows several AKAs.  The defendant's earliest entry in NCIC seems to be under the name of  "Richard J. Malone."  At the age of 19, the defendant was convicted of Armed Robbery and sentenced to 4 years and 4 months of imprisonment.  At the age of 25, the defendant was convicted of felony possession of a stolen car.  At the age of 43, the defendant was convicted of misdemeanor Domestic Violence in Adams County Court, Case No. 1998M2703.  Between 2003 and June 2010, the defendant was arrested and convicted for Driving Under Restraint or Driving Without a Valid License three times.  The defendant has had several failure to appear warrants issued.

     3.   The defendant is a fully patched and "christened" member of the Hells' Lovers Motorcycle Club (HLMC).  HLMC is a self-styled "zero percent" outlaw motorcycle gang.

     4.   The defendant, on January 20, 2012, advised ATF agents serving a federal search warrant on the Colorado chapter of HLMC clubhouse that he was an "enforcer" for HLMC.  The defendant was arrested on a federal warrant based on the indictment in the present case.  At the time of his arrest, the defendant was wearing a holster.  Ammunition was found on the person of the defendant.  A pistol was found on the clubhouse floor which matched up with the ammunition found on the defendant.  The defendant explained that he had ammunition for the pistol found on the clubhouse floor because that pistol was a clubhouse weapon and as an "enforcer" it was a part of defendant's duties to make sure ammunition was available for the

clubhouse weapon.

5.   The defendant explained the holster he was wearing went with his personal weapon, a Glock 9mm, which the defendant did not bring to the clubhouse that evening.  The defendant said he left his Glock 9mm at home.  Believing the defendant was a prohibited person barred from the possession of firearms under Title 18 U.S.C. § 922(g)(9), the ATFs agents obtained a search warrant for the defendant's residence on January 21, 2012.  At the defendant's residence, investigators recovered a loaded short barreled shotgun approximately 25 inches in length with a barrel approximately 14 and a half inches in length and drug paraphernalia.  As a prior convicted felon, the defendant is barred from possession ammunition and firearms.  The defendant is subject to being charged under Title 18 U.S.C. § 924(c) for possessing the clubhouse pistol in furtherance of the drug-involved premises on January 20, 2012.  The defendant is subject to being charged for being a prohibited person in possession of a firearm with respect to the clubhouse pistol, ammunition, and the short barreled shotgun.  The defendant is subject to being charged under Title 26 U.S.C. §§ 5861 and 5871 for possession of the short barreled shotgun recovered from his home on January 21, 2012.

6.   The defendant in this case has been indicted for Title 21 violations giving rise to the Title 18 U.S.C. § 3142 statutory presumption favoring detention without bond.  *See United States v. Suppa*, 799 F.2d 115, 119 (3rd Cir. 1986). Pursuant to *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir.1991), once a person has been indicted by the Grand Jury for a Title 21 controlled substance violation carrying a maximum sentence greater than 10 years imprisonment, "a rebuttable presumption arises that no conditions of release will assure the defendant's appearance and the safety of the community." *Id*. 1354.

7.   The legislative history of the Bail Reform Act indicates pretrial detention was intended to prevent flight and to protect the safety of the community.  *See*, S. Rep. No. 225, 98th Cong., 2d Sess. 8 (1984); 1984 U.S. Code Cong. & Admin. News, 1.; S. Rep. No. 147, 98th Cong. 1st Sess. 34-35 (1983); S. Rep. No. 317, 97th Cong., 2d Sess. 21 (1982).

8. Section 3142(g) of the Bail Reform Act sets forth the factors a Court must consider in determining whether a defendant should be detained pretrial. These factors are:

> (1) the nature and circumstances of the offense charged including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including
>
> > (A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record considering appearance at court proceedings; and
> >
> > (B) whether, at the time of the current offense or arrest, he was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

9. In *United States v. Quartermaine*, 913 F.2d 910 (11th Cir. 1990), the Eleventh Circuit addressed the effect and application of the presumptions arising from the nature of the charges under 18 U.S.C. § 3142:

> Once the statutory presumptions are raised, the defendant carries the burden of production to come forward with evidence to rebut the presumptions. The defendant's obligation to come forward with evidence does not shift to the defendant the government's burden of persuasion . . . . Even if [the defendant's] evidence is sufficient to rebut the statutory presumption, the "presumption remains in the case as an evidentiary finding militating against release to be weighed along with other factors listed in Section 3142(g)"... (citations omitted). The presumption becomes evidence to be considered along with other evidence listed in the Act as indicative of risk of flight or danger to the community. *Id*. 916.

*Accord, Stricklin, supra*.

10. The presumptions favoring detention in cases like the one at bar represent Congressional findings of fact concerning persons who deal in drugs or commit firearms violations and the problems of assuring their presence at trial and the safety of the community. Congress was concerned that persons like defendant have the financial means, criminal contacts, and reason to flee. *United States v. Perez-Franco*, 839 F.2d 867, 869 (1st Cir. 1988). The Senate Committee considering the Bail Reform Act stated:

> The drug offenses involve either trafficking in opiates or narcotic drugs,... It is well known that drug trafficking is carried on to an unusual degree by persons engaged in continuing patterns of criminal activity... Because of the extremely lucrative nature of drug trafficking, and the fact that drug traffickers often have established substantial ties outside the United States from whence most dangerous drugs are imported into the country, these persons have both the resources and foreign contacts to escape to other countries to avoid prosecution for offense punishable by lengthy prison sentences.

Senate Comm. on the Judiciary, S. Rep. No. 98-225, 98th Cong., 1st Sess. 20.

Operation of the twin rebuttable presumptions of dangerousness and flight risk shifts the burden to defendant to produce some evidence tending to show that while Congress' general distrust of drug defendants is acknowledged, in this particular instance defendant should not be considered a member of that general class of defendants warranting detention. *See United States v. Cook*, 880 F.2d 1158, 1160-61 (10th Cir. 1989).

   11.  In the present case, the Government respectfully submits that the Honorable Magistrate Judge erred by failing to give full effect and consideration to the presumption favoring detention in the circumstances of this case (there are vulnerable confidential human source of information type witnesses in this case, as there are in many narcotics cases) and in light of the specific characteristics of this defendant (self-described HLMC "enforcer") and his criminal history (convicted felon and domestic violence history with firearms and ammunition).

   12.  Wherefore, pursuant to the statutory presumption favoring pretrial detention in a case of this nature, and in light of the circumstances this defendant and of this case as reflected in the Court's own files, the Pretrial Services Bond Hearing Report, and the Government's proffer, the Government respectfully petitions the Court to stay the Magistrate Judge's release order and to order the defendant held without bond until the Court can conduct the *de novo* proceedings authorized by Title 18 U.S.C. § 3145.

Respectfully submitted this 26th day of January 2012.

                                    JOHN F. WALSH
                                  United States Attorney


                                  BY: s/ Guy Till
                                  GUY TILL
                                  Assistant United States Attorney
                                  United States Attorney's Office
                                  1225 Seventeenth Street, Suite 700
                                  Denver, Colorado 80202
                                  Telephone: (303) 454-141
                                  FAX: (303) 454-0401
                                  E-mail: Guy.Till@usdoj.gov
                                  Attorney for Government

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 26th day of January, 2012, I electronically filed the foregoing **GOVERNMENT'S MOTION FOR A STAY OF RELEASE ORDER AND DISTRICT COURT REVIEW AND REVOCATION OF RELEASE ORDER PURSUANT TO TITLE 18 U.S.C. § 3145** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

All counsel on record

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand deliver, etc.) indicated by the non-participant's name:

      By: s/ Debbie Azua-Dillehay
      DEBBIE AZUA-DILLEHAY
      Legal Assistant
      1225 Seventeenth Street, Suite 700
      Denver, Colorado 80202
      Telephone: (303) 454-0100
      Facsimile: (303) 454-0406
      E-mail: Debbie.Azua-Dillehay@usdoj.gov