## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-00010-MSK-6

UNITED STATES OF AMERICA,
Plaintiff,
v.

1. GEORGE H. ASKEW,
2. ROMELL E. BULLOCK,
3. GREGORY A. COLLINS,
4. GEORGE A. GADDY,
5. DELBERT J. GARDNER,
**6. RICHARD W. JOHNSON**,
7. SHEPS H. KHAMSAHU,
8. ERIC LUGO,
9. LAWRENCE T. MARTIN,
10. JOHNIE A. MYERS,
11. DARRELL R. PARKER,
12. CALVIN R. RILEY,
13. COREY L. RILEY,
14. THOMAS A. SCHRAH, JR.,
15. JAMES R. SWITZER, and
16. CLIFFORD M. WRIGHT,

Defendants.

___

### DEFENDANT'S OBJECTION TO THE GOVERNMENT'S MOTION FOR A STAY AND *DE NOVO* REVIEW OF THE MAGISTRATE'S PRE-TRAIL RELEASE ORDER

___

1

COMES NOW Richard W. Johnson (Defendant #6; hereinafter Mr. Johnson), by and through counsel, and hereby objects to the government's Motion for a Stay Order (Doc. # 77).  In support of this objection, Mr. Johnson states the following:

1.  The government contends that the Honorable Magistrate Judge "erred by failing to give full effect and consideration to the presumption favoring detention in the circumstances in this case..." ¶ 11, Doc. # 77.

2.  The general argument put forward by the government in the Motion for a Stay (Doc. #77) is that while there is a presumption for detention that is rebuttable, the Court did not give enough weight to the presumption.  The government, however, would have the Court give so much weight to the presumption for detention that it would be impossible to rebut.

5.  Mr. Johnson acknowledged the presumption for detention in his Objection to Pre-Trail Detention and his Request for Pre-Trial Release.  ¶ 1, Doc. #64.

4.  The presumption for detention can be rebutted, as noted by Mr. Johnson.  ¶ 11, Doc. #64, citing 18 U.S.C. § 3142 (g).

5.   At the Detention Hearing, Mr. Johnson requested the Court take Judicial Notice

2

of the contents of his filing, Doc. #64, and further, proceeded by proffer as to the facts contained within the Doc. #64.

6. In addition to the proffer of facts, as stated in paragraph 5, Mr. Johnson noted to the Court the age of the prior felony convictions as well as Mr. Johnson's successful completion of his sentences in his prior felony and misdemeanor cases.

7. The Court also noted that the Pre-Trial Service Report was incorrect when it stated that Mr. Johnson did not have lengthy ties to the community as Mr. Johnson has resided in Colorado for 21 years. Mr. Johnson noted that his wife resides in Colorado as well as two of his three children.

8. The government now requests a stay and *de novo* hearing, however, no new evidence is presented in the government's motion, nor does the government offer any indication as to how the Honorable Magistrate Judge erred. In fact, while pre-trial release was granted, the Honorable Magistrate Judge did order electronic monitoring.

10. It is, therefore, the position of Mr. Johnson that all relevant facts were considered, along with the presumption for detention, by the Honorable Magistrate Judge, and that the decision to grant pre-trial release was done after balancing the presumption for detention along with the relevant 18 U.S.C. § 3142 (g) factors, followed by the Honorable Magistrate Judge balancing the afore mentioned factors in light of the burden of persuasion born by the government.

11. Further proof that the Honorable Magistrate Judge properly gave full weight

and consideration to the presumption favoring detention in the circumstances in this case is that pre-trial release, with electronic monitoring, was also given to Co-Defendant #16, Clifford M. Wright.  Counsel for Mr. Wright spoke with counsel for Mr. Johnson on January 27, 2012 prior to the filing of this objection.  Counsel for Mr. Wright (Defendant #16) indicated that Mr. Wright (Defendant #16) joins in this objection, while noting that there are individual factors of each defendant that are unique and separate.

12. The government notes that the presumption for detention can be rebutted.  ¶ 6, Doc. #77.  Mr. Johnson rebutted the presumption for detention.

13. The government failed in its burden of persuasion, and as such, the request for a stay should be denied.

WHEREFORE, Richard W. Johnson (Defendant #6), hereby requests the Court deny the government's request for a stay and further that he be released pursuant to the Honorable Magistrate Judge's finding of January 26, 2011, subject to all terms and conditions contained in the Pre-Trial Release Order.

DATED at Denver, Colorado this, <u>27th</u> day of January, 2012.

4

/s/Miller Leonard  
Attorney for Defendant  
CO Reg. # 41029  
1767 Denver West Blvd. Suite A  
Golden, CO 80401  
303-907-9516  
milller@themillerleonardlawfirm.com

CERTIFICATE OF SERVICE

I hereby certify that this Entry of Appearance was delivered, via the ECF system for the District of Colorado to all parties, this 27th day of January, 2012.

/s/ Miller Leonard