IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-00010-MSK-6

UNITED STATES OF AMERICA,
Plaintiff,
v.

1. GEORGE H. ASKEW,
2. ROMELL E. BULLOCK,
3. GREGORY A. COLLINS,
4. GEORGE A. GADDY,
5. DELBERT J. GARDNER,
**6. RICHARD W. JOHNSON**,
7. SHEPS H. KHAMSAHU,
8. ERIC LUGO,
9. LAWRENCE T. MARTIN,
10. JOHNIE A. MYERS,
11. DARRELL R. PARKER,
12. CALVIN R. RILEY,
13. COREY L. RILEY,
14. THOMAS A. SCHRAH, JR.,
15. JAMES R. SWITZER, and
16. CLIFFORD M. WRIGHT,

Defendants.

___

DEFENDANT JOHNSON'S (DEFENDANT #6) UNOPPOSED MOTION TO
EXCLUDE FOUR MONTHS FROM THE SPEEDY TRIAL ACT, VACATE
DEADLINES AND VACATE TRIAL DATE

___

Richard W. Johnson, by and through undersigned counsel, respectfully moves this

Court for an Order excluding four months (120 days) from the speedy trial time

1

limitations and vacating current deadlines and the trial date. In support of this motion, Mr. Johnson states that:

**I. Procedural background**

1. On January 9, 2012, the government obtained a 32-count Indictment charging Mr. Johnson with one count of using and maintaining drug-involved premises, and aiding and abetting.

2. On February 6, 2012, the Government obtained a superseding indictment (First Superseding Indictment) charging Mr. Johnson in five (5) counts which include the previously charge. The additional four (4) charges are: possession of a firearm by prohibited person (two counts), and aiding and abetting; possession of a firearm in furtherance of a drug trafficking felony; possession of a prohibited weapon.

3. Mr. Johnson was arraigned on January 26, 2012 and he entered a plea of not guilty to the one count pending at that time.

4. The seventy-day Speedy Trial Act deadline is April 2, 2012.

5. On January 26, 2012, this Court entered an Order requiring the parties to file pretrial motions by February 16, 2012. This Court also set a jury trial beginning March 19, 2012.

6. Discovery has been initiated in the case, however, at present, Mr. Johnson only has the discovery that directly pertains to his case.

7. The Court granted the government's motion for a protective order concerning discovery on February 14, 2012. Thus, it is anticipated that additional discovery will be provided to Mr. Johnson pursuant to the Order of the Court.

**II. Standard for continuances**

8. 18 U.S.C. § 3161(h)(7) authorizes this Court to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(B)(ii) provides that a factor for the Court to consider in granting this delay is "[w]hether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

9. In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F. 2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need

asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See id.* No single factor is determinative. *See id.*

### III. Argument

10. This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, Mr. Johnson requests that this Court continue the trial, vacate current deadlines, and exclude four months from the speedy trial calculations.

11. Counsel has yet to review or obtain the entire discovery contained in the government's file.

12. Mr. Johnson is facing significant time in prison if he is convicted of the charges.

13. Mr. Johnson has legal defenses to the charges that need to be explored and which will take both time and complete discovery to conclude. These legal defenses include the potential need to retain expert services to aid and assist counsel.

14. Counsel needs to explore any potential pre-trial motions and counsel needs to meet and confer with Mr. Johnson to discuss the evidence against him as well as the weight and sufficiency of the government's case. Counsel also needs time in order to have meaningful plea negotiations with the government.

15. The failure to vacate deadlines and continue the trial date would force Mr.

Johnson to go to trial before an adequate defense could be prepared. As a result, failure to grant a continuance would result in a miscarriage of justice, *see* 18 U.S.C. § 3161(h)(7)(B)(i), and deny counsel for Mr. Johnson the reasonable time necessary for the effective preparation of this case taking into account the exercise of due diligence, *see* 18 U.S.C. § 3161(h)(7)(B)(iv).

16.  Guy Till, the Assistant United States Attorney prosecuting Mr. Johnson, does not oppose a finding that the ends of justice warrant continuing this case outside of the usual statutory Speedy Trial limits.

**IV. The legal factors and particular facts of Mr. Johnson case require a continuance**

17.  The Court has outlined the legal factors that must be considered when granting or denying a motion to continue, as stated in *West*, and noted *supra*, and these factors, coupled with the particular facts of Mr. Johnson's case, require a continuance. Mr. Johnson's request for a continuance addresses and meets the four (4) standards outlined in *West*:

    a. Counsel for Mr. Johnson has been active in this case since entering his appearance for Mr. Johnson, conducting both hearing for Mr. Johnson as well as speaking with the government concerning the posture of the case and potential outcomes;

    b. A continuance will allow Mr. Johnson to review the discovery in this case as well as advance and legal arguments required, including pre-trial motions and potential affirmative and/or legal defenses to the charges as well as allowing Mr. Johnson meaningful opportunities to engage the government in plea negotiations;

    c. The case is recent, both in terms of the indictment and the trial setting and thus no party is inconvenienced by a continuance of the trial setting;

    d. Mr. Johnson has real and pressing needs to have the current trial setting vacated in order to ensure that he has enough time to prepare his case and to research and explore his defenses, both legal and factual.

18. Mr. Johnson has, to the best of his ability, at this early stage in the proceedings, outlined the basis for his request for a continuance, mindful that the Court has held that "[t]he ends-of-justice provision expressly mandates that the district court articulate 'its reasons for finding that the ends of justice served by the granting of such continuance outweigh the *best interests of the public* and the defendant in a speedy trial.' 18 U.S.C. § 3161(h)(7)(A) (emphasis added)" *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009).

19. Based on the factors outlined, Mr. Johnson asserts that the best interest of the public in a speedy trial are outweighed by his needs to explore the evidence, in full, and diligently pursue his legal rights.

6

WHEREFORE, the defense respectfully requests that this Court issue an Order excluding four months (120 days) from the speedy trial time limitations and vacating current deadlines and the trial date.

DATED at Denver, Colorado this, 15th day of February, 2012.

/s/Miller Leonard
Attorney for Defendant
CO Reg. # 41029
1767 Denver West Blvd. Suite A
Golden, CO 80401
303-907-9516
milller@themillerleonardlawfirm.com

CERTIFICATE OF SERVICE

I hereby certify that this Entry of Appearance was delivered, via the ECF system for the District of Colorado to all parties, this 15th day of January, 2012.

/s/ Miller Leonard

7