IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-00010-MSK-1

UNITED STATES OF AMERICA,
Plaintiff,
v.

#6 RICHARD W. JOHNSON
Defendant.

---

DEFENDANT'S RESPONSES AND OBJECTIONS TO PRESENTENCE REPORT, DOC. #599

---

COMES NOW Richard W. Johnson (#6) (hereinafter defendant), defendant, by and through counsel, and hereby submits his response and objections to the presentence report (Doc. #599).

Responses

1.  Defendant's objections and responses are in reference to Count Thirty - Two, only. Defendant has no objection to the presentence report calculations that apply to County Thirty - Five.

2. Defendant concurs with the base offense level as calculated in the presentence

1

report (Doc. #599), paragraph 19, page 6, in regards to Count Thirty-Two. The base level offense, as calculated, is 14. Defendant concurs with this calculation and believes that this calculation is consistent with the type and amount of drugs as stipulated by the parties in the plea agreement (Doc. #500).

## Objections

A. The two (2) point increase, pursuant to U.S.S.G., section 2D1.1(b)(12) is not supported by the facts as contained in the plea agreement.

3. Defendant objects to the two (2) point increase found in paragraph 21, page 6 of the presentence report. The presentence report notes that this adjustment is in dispute. Defendant asserts that this adjustment is not supported by either the stipulated factual basis of the plea agreement (Doc. #500), the elements of the offense section of the plea agreement, nor is it supported by the applicable United States Sentencing Guideline. In support of these assertions, defendant states the following:

a. The stipulated facts, as found in the plea agreement (Doc. #500), only indicates that the defendant knew that drugs were being used on the premise and that he has used marijuana on the premise.

b. U.S.S.G., section 2D1.1(b)(12) states that "[i]f the defendant maintained a

premises for the purpose of manufacturing or distributing a controlled substance, increase by **2** levels." Nothing in the plea agreement indicates that the defendant maintained the premise (the club house) for the purpose of manufacturing a controlled substance. Nothing in the plea agreement indicates that the defendant maintained the premise (the club house) for the distribution of a controlled substance. The critical language of the plea agreement is the following:

> (2) The routine and repeated use of Marijuana and cocaine at the HLMC clubhouse was known to the defendant and other HLMC members. The defendant knew Marijuana was shared and used routinely and regularly at the HLMC clubhouse. The defendant used Marijuana at the clubhouse. During the conspiracy, the defendant was a fully patched and "christened" HLMC member. The defendant paid monthly dues to support the HLMC and the Colorado Chapter HLMC clubhouse.

*Rule 5K1.1 Plea Agreement*, Doc. #500, paragraph 2, page 9.

c. The key word is "knew." Mere knowledge that drugs are in a premise does not rise to the level of "maint[aining] a premise for the distribution of a controlled substance. Further, the plea agreement itself has the following language:

> (5) and intentionally aided and abetted said persons to **use and maintain** a place, to wit: premises informally known as the Hell's Lovers Motorcycle Club (HLMC) clubhouse;
>
> (6) **for the purpose of using** quantities of a substance containing a detectable amount of Marijuana and quantities of a substance containing a detectable amount of cocaine,

*Rule 5K1.1 Plea Agreement*, Doc. #500, paragraphs 5 & 6, pages 5-6 (emphasis added).

3

d. Thus, the plea agreement, Doc. #500, uses three words to describe the defendant's involvement with the club house, otherwise referred to as the "premise." The three words are: use, maintain and know (knew).

e. The three words used to describe the defendant's involvement with the club house are critical in determining whether the two level adjustment is appropriate. The most important word, however, is the word use or using, as found in the plea agreement (Doc. #500) section titled Elements of the Offenses. *Id.* The importance of the words "use" and "using" are demonstrated by looking at the statute in question, 21 U.S.C. § 856:

> (a) Unlawful acts
>
> Except as authorized by this subchapter, it shall be unlawful to--
>
> **(1)** knowingly open, lease, rent, use, or maintain any place, whether permanently or temporarily, for the purpose of manufacturing, distributing, or using any controlled substance;
>
> **(2)** manage or control any place, whether permanently or temporarily, either as an owner, lessee, agent, employee, occupant, or mortgagee, and knowingly and intentionally rent, lease, profit from, or make available for use, with or without compensation, the place for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance.

21 U.S.C. § 856 (a)(1)(2).

f. Based upon the clear and unambiguous language of the plea agreement (Doc.

4

#500), the defendant plead guilty to 21 U.S.C. § 856 (a)(2) and, in particular, to the provisions outlawing "using a controlled substance."[1]   Nothing in the plea agreement, either in the factual basis or the recital of the elements of the offense, has the language associated with manufacturing or distributing a controlled substance.

g. The language of the plea agreement, chosen to satisfy the elements of the offense, was "use" and "using."  The word "use" is joined with the word "maintains."   The plea agreement asserts that the clubhouse was "use[d] and maintained **for the purpose of using** quantities of a substance containing a detectable amount of Marijuana and quantities of a substance containing a detectable amount of cocaine."  *See Rule 5K1.1 Plea Agreement*, Doc. #500, paragraphs 5 & 6, pages 5-6.

h. As there is no language in the plea agreement that refers to the defendant being involved in drug distribution or manufacturing, the two level adjustment is not supported by the evidence.  To apply a two level enhancement, where the facts to establish such an enhancement are not present in the stipulation of facts as found in the plea agreement, would defeat the purpose and intent of allowing the parties to enter into an agreed upon set of facts.

---

[1] Defendant asserts that his guilty plea, factually, is to 21 U.S.C. § 856 (a)(2).  This is supported, defendant contends, by *United States v. Verners*, 53 F.3d 291, C.A.10 (Okl.),1995. *Verners* offers an excellent analysis of the differences between subsection (a)(1) and (a)(2).

  B.  The presentence report should have applied U.S.S.G. §3B1.2(b), thereby denoting the defendant as a minor participant.

4. The presentence report contains no adjustments for the defendant's role in the offense. *See* Paragraph 23, page 6. The defendant asserts that he is entitled to a two level decrease of the offense level as he was a minor participant in the criminal activity as charged in Count Thirty - Two. In support of this assertion, defendant states the following:

a. U.S.S.G. §3B1.2(b) allows for a two level decrease in the offense level if a person is a minor participant in the criminal activity. The commentary to this section states that "[s]ubsection (b) applies to a defendant described in Application Note 3(A) who is less culpable than most other participants, but whose role could not be described as minimal." *U.S.S.G. §3B1.2*, Commentary, paragraph 5.

b. In determining whether this Guideline should apply, defendant contends that his level of participation in maintaining the premise for the use of drugs was minimal as compared to other members of the HLMC and the co-defendants in this case. First, there are no facts to support the proposition that the defendant brought drugs into the premise. Second, the defendant, while using marijuana, did not use cocaine. Third, there are no facts that demonstrate that the defendant had, as his purpose, joined or maintained his membership in the HLMC in order to use drugs,

distribute drugs, or produce drugs. Fourth, as stated in the Elements of the Offenses, the defendant "aided and abetted others."

c. The defendant, as compared to other participants, is less culpable than most other participants, and is entitled to a two (2) level decrease of the offense level.

DATED at Denver, Colorado this, <u>13th</u> day of September, 2012.

/s/Miller Leonard
Attorney for Defendant
CO Reg. # 41029
1767 Denver West Blvd. Suite A
Golden, CO 80401
303-907-9516
millller@themillerleonardlawfirm.com

CERTIFICATE OF SERVICE

I hereby certify that this document was delivered, via the ECF system for the District of Colorado to all parties, this 13th day of September, 2012.

/s/ Miller Leonard