IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-cr-00010-MSK

UNITED STATES OF AMERICA,

Plaintiff,

v.

6.    RICHARD W. JOHNSON,

Defendant.

_____

## UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE
_____

COMES NOW the United States of America, by and through United States Attorney John F. Walsh and Assistant United States Attorney James S. Russell, pursuant to 21 U.S.C. § 853, and Rule 32.2(b) of the Federal Rules of Criminal Procedure, and incorporating the Plea Agreement entered into with defendant Richard W. Johnson, moves this Court to enter a Preliminary Order of Forfeiture in this case forfeiting to the United States the defendant's interest in the following:  Miscellaneous firearms and ammunition seized from Richard Johnson in this case, including the pistol recovered on January 20, 2012, and the shotgun recovered on January 21, 2012, and directing the United States to seize the property subject to forfeiture, and to publish notice of the forfeiture.  In support, the United States states:

1.    On February 6, 2012, the United States charged defendant Richard W. Johnson by Superseding Indictment with one count of Using and Maintaining Drug-Involved Premises in violation of 21 U.S.C. § 856(a)(1) and (2) and (b); one count of

1

Aiding and Abetting in violation of 18 U.S.C. § 2; one count of Prohibited Person in Possession of Firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2; one count of Possession of Firearm in Furtherance of Drug Trafficking Felony in violation of 18 U.S. C. § 924(c); one count of Prohibited Person in Possession of Ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2; and one count of Possessing a Prohibited Weapon in violation of 26 U.S.C. §§ 5861(d) and 5871.  (Doc. 180).

2.    In the First Superseding Indictment, the United States also sought forfeiture from defendant Richard W. Johnson, pursuant to 21 U.S.C. § 853, of the following property:    Miscellaneous firearms and ammunition seized from Richard Johnson on January 20 and 21, 2012.

3.    On June 15, 2012, the United States and defendant Richard W. Johnson entered into a Plea Agreement.  (Doc. 500).  The Plea Agreement provides, *inter alia*, that the defendant agreed to plead guilty to Counts Thirty Two and Thirty Five of the First Superseding Indictment, charging violations of 21 U.S.C. § 856(a)(1) and (2) and (b), and 18 U.S.C. §§ 2, and 924(c).  Defendant Richard W. Johnson further agreed to forfeit the miscellaneous firearms and ammunition seized from Richard Johnson on January 20 and 21, 2012 to the United States pursuant to 21 U.S.C. § 853.  The Court accepted defendant Richard W. Johnson's plea of guilty on June 15, 2012.

4.    Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture as soon as practicable after a plea of guilty.  Once the property is determined to be subject to forfeiture, the Court must promptly enter a Preliminary Order of Forfeiture.  Fed. R. Crim. P.

32.2(b)(2)(A).

5.      It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant."  Fed. R. Crim. P. 32.2(a)(2)(B); *see also United States v. Schwartz*, Nos. 10-3773, 11-3523, 2012 WL 5359258, at *2 (6th Cir. 2012) (finding it was error to fail to enter a preliminary order of forfeiture and stating that it must be entered before sentencing); *United States v. Shakur*, 691 F. 3d 979 (8th Cir. 2012) (criminal forfeiture was reversed for a violation of procedural due process violation when no preliminary order of forfeiture was entered and noting that it must be entered before sentencing).

6.      As set forth in the Plea Agreement, the defendant and United States agree that the requisite nexus exists between the property and the offenses to which defendant Richard W. Johnson has pleaded guilty.  Specifically, the parties agree that between on or about January 2005 and on or about January 20, 2012, within the District of Colorado, defendant Richard W. Johnson knowingly acted with one and more than one other persons, and intentionally aided and abetted said persons to use and maintain the Hell's Lovers Motorcycle Club (HLMC) clubhouse for the purposed of using quantities of controlled substances; that the chronic and repeated use of controlled substances rendered the HLMC clubhouse a drug involved premises in violation of 21 U.S.C. § 856; and that on or about January 20, 2012, the defendant intentionally aided and abetted others to use the HLMC clubhouse as a drug involved premises.  The parties further agreed that on or about January 20, 2012, within the State and District of

3

Colorado, defendant Richard W. Johnson knowingly possessed a firearm in furtherance of the use and maintenance of the HLMC clubhouse for the purpose of HLMC members and associates using quantities of controlled substances in violation of 18 U.S.C. § 924(c).   Accordingly, the defendant's interest in the subject property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853.

7.      A Preliminary Order of Forfeiture is necessary in order for the United States to seize the property subject to forfeiture.   In addition, 21 U.S.C. § 853(n) requires that third parties who may have an interest in the property receive notice, via publication, or to the extent practical, direct written notice, of the forfeiture and the United States' intent to dispose of the property. The United States cannot accomplish the seizure, notice, and publication without a Preliminary Order of Forfeiture.

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture tendered herewith, for the reasons set forth above.

DATED this 20th day of February, 2013.

> Respectfully submitted,
>
> JOHN F. WALSH
> United States Attorney
>
> By: s/ James S. Russell
> James S. Russell
> Assistant United States Attorney
> 1225 Seventeenth Street, Ste. 700
> Denver, Colorado 80202
> Telephone: (303) 454-0100
> E-mail: james.russell5@usdoj.gov
> *Attorney for the United States*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of February, 2013, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notice to counsel of record.

s/ *Raisa Vilensky*
FSA Data Analyst
Office of the U.S. Attorney

5