**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Honorable Marcia S. Krieger

Criminal Action No. 12-cr-00010-MSK-6

UNITED STATES OF AMERICA,
Plaintiff,
v.

1. GEORGE H. ASKEW,
2. ROMELL E. BULLOCK,
3. GREGORY A. COLLINS,
4. GEORGE A. GADDY,
5. DELBERT J. GARDNER,
**6. RICHARD W. JOHNSON**,
7. SHEPS H. KHAMSAHU,
8. ERIC LUGO,
9. LAWRENCE T. MARTIN,
10. JOHNIE A. MYERS,
11. DARRELL R. PARKER,
12. CALVIN R. RILEY,
13. COREY L. RILEY,
14. THOMAS A. SCHRAH, JR.,
15. JAMES R. SWITZER, and
16. CLIFFORD M. WRIGHT,

Defendants.

_____
DEFENDANT'S RESPONSE TO GOVERNMENT'S TITLE 18 U.S.C. §3553(e)
AND §5K1.1 MOTION FOR DOWNWARD DEPARTURE BASED ON
SUBSTANTIAL ASSISTANCE AND DEFENDANT'S REQUEST FOR A
VARIANT SENTENCE
_____

Defendant Richard Johnson, by and through counsel, hereby responds to the

Government's Title 18 U.S.C. §3553(e) and §5K1.1 Motion for Downward

1

Departure Based on Substantial Assistance and files this response pursuant to D.C.COLO.LCrR 32.1(c).  Defendant is also including his request for a variant sentence for Count Thirty - Two.  In Support of his response, Mr. Johnson asserts the following:

## Preliminary Matters

1.  Mr. Johnson concurs with the the findings of the Presentence Report (Doc. 699)   wherein it is calculated that his criminal history category 1 with a total of 1 criminal history point.  *See Presentence Report*, Doc. #699, pp. 10 of 19, ¶ 47.

2.  Mr. Johnson has filed objections to the Presentence Report (Doc. #631).  The basis for the objections to the Presentence Report, with respect to Count Thirty-Two, are two-fold:  whether defendant is subject to a two-level increase pursuant to U.S.S.G. §2D1.1(b)(1); whether the defendant is a minor participant pursuant to U.S.S.G. §3B1.2(b).   It is Mr. Johnson's contention, based on the arguments contained in Doc. #631, that his total offense level is 9 which results in a guideline provision of 4 - 10 months (for Count Thirty-Two, and which puts the sentence in Zone B.

3.  Pursuant to the Plea Agreement (Doc. #500), the Government filed a §5K1.1 and § 3553(e) motion. This motion seeks a departure of 49% below the bottom of the otherwise applicate Guidelines sentencing range  for Count Thirty-Two and

2

Count Thirty-Five. *See Plea Agreement*, Doc. #500, pp. 3 of 16, ¶ D; *Government's §5K1.1 and §3553(e) Motion For Downward Departure Based On Substantial Assistance,* Doc. #904, pp. 2 of 4, ¶ 4. With this request, the Government is requesting a sentence of 6 months of imprisonment on Count Thirty-Two, to be followed by a consecutive 30 months of imprisonment on Count Thirty-Five. *Id.* at ¶ 6.

3. It is further agreed by the parties that "[t]he Government agrees the defendant is not precluded from asking the Court for a greater variant sentence of Guideline departure because of the Government's Section 5K1/1 motion under the circumstances of this case." *Id*. at pp. 3 -4 of 16, ¶ D. This is significant as the Government, in exchange for Mr. Johnson's pleas of guilty and cooperation, understood that, in all likelihood, he would request a variant sentence as to Count Thirty - Two.

4. The Presentence Report recommended sentence, which does not reflect the Government's 5K1.1 motion, and to which defendant disputes the certain Guideline provisions, is 72 months. *See Presentence Report*, Doc. #699, pp. R-1. The sentences are broken down as follows by the Presentence Report: Count Thirty-Two recommends a sentence of 12 months; Count Thirty-Five recommends a sentence of 60 months. *Id.* Each recommended sentence is the <u>minimum</u>

sentence reflected (emphasis added).    The sentences are to run consecutive, pursuant to law.

## Mr. Johnson Concurs, In - Part,  With The Government's 5K1.1 Motion 49%  Departure Request for Count Thirty - Five

5.  Mr. Johnson concurs, in - part,  with the request of the Government regarding Count Thirty - Five and requests the Court sentence him to no more than 30 months imprisonment for County Thirty - Five.

6.  Mr. Johnson has been truthful and cooperative.  He has offered substantial assistance to the United States.

7.  "Substantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain."  *USSG §5K1.1*, comment. (n.3).

8.  The weight of evidence before the Court supports the contention of the Government that at least a 49% reduction is appropriate.   At sentencing, Mr. Johnson will proffer additional information concerning his substantial assistance, including outlining his testimony in a federal case in the Eastern District of Missouri.  But, as outlined by the Government's motion, Mr. Johnson provided valuable, useful and truthful testimony in a highly contentious criminal trial.

4

Consequently, Mr. Johnson requests the Court further depart from, and grant a greater reduction than the proposed Government's 49% reduction, pursuant to 18 U.S.C. § 3553(e).  Mr. Johnson's level of cooperation was significant and greater than 49%.[1]   His assistance meets all of the elements listed in the § 5K1.1(a) factors:

(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1(a).

As a result, Mr. Johnson's assistance is greater than 49%.

---

[1] Mr. Johnson will detail the sequence of events to the Court at sentencing.  The sequence of cooperation is significant as it demonstrates how Mr. Johnson's cooperation was on-going.  However, this is sensitive information and the defense will request the court be closed.

Defendant's Variant Sentencing Request Pursuant to

<u>18 U.S.C. §3553 (a) for Count Thirty - Two:  1 day in jail</u>

9.  Although district courts must continue to consider the Sentencing Guideline ranges, they have latitude to depart from the resulting Guideline ranges in accordance with the factors codified at 18 U.S.C. §3553(a). *See United States v. Magallanez*, 408 F.3d 672, 685 (10th Cir.), cert. denied,126 S.Ct. 486 (2005); *see also United States v. Herula,* 464 F.3d 1132 (10th Cir. 2006).[2]

10.  The sentencing purposes articulated in 18 U.S.C. §3553(a) that are applicable here are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>
>> a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> b. to afford adequate deterrence to criminal conduct;
>>
>> c. to protect the public from further crimes of the defendant; and

---

[2] Defendant is arguing for a variant sentence as to Count Thirty - Two. He is asserting that the factors found in 18 U.S.C. §3553 (a) further reduce defendant's sentence when combined with the position of the Government, as stated in their 5K1.1 Motion.

   d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

***

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. §3553(a).

Addressing The 18 U.S.C. §3553(a) Factors

18 U.S.C. §3553(a)(1)

10. As indicated in the Plea Agreement, Mr. Johnson's role in the offense was limited to paying dues to support the club as well as the firearms charge. The Presentence Report indicates the following: there are no identifiable victims in the case (*Presentence Report*, pg. 5, ¶15) ; He did not obstruct justice (*Id.* at ¶ 16); Mr. Johnson received an adjustment for acceptance of responsibility (*Id.* at pg. 5, ¶17).

11. Mr. Johnson is married. *Id.* at pp. 11, ¶55.

12. The Presentence Report recommends the minimum Guideline sentence for both counts. *Id.* at R-2.

13. Mr. Johnson has obtained his high school diploma, attended college and received education and certification as a mechanic. *Id.* at pp. 12 - 13.

14. Mr. Johnson is no longer a member of the motorcycle club, a fact that he has indicated to the government.

15. Mr. Johnson has a limited criminal history. He has 1 criminal history point and, in that matter, was discharged early from probation. *Id.* at pp.8; pp. 10.

16. Mr. Johnson does not have a history of illicit drug use in the last year prior to his arrest, nor does he have a history of illicit drug use in his life, with his illicit drug use limited to trying, once, two substances: LSD and methadone. *Id.* at pp. 12.

## 18 U.S.C. §3553(a)(2)(a)(b)(c) and (d)

17. Mr. Johnson is aware of the serious nature of his conduct. He has taken significant steps to ensure a change in his behavior, as evidenced by the government's sentencing request and by his actions while awaiting sentencing.

18. Mr. Johnson has not had any conduct violations while incarcerated and awaiting sentencing. *Id.* at pp. 4, ¶5.

19. Mr. Johnson suffers from gouty arthritis. *Id.* pp. 12. He also was diagnosed and is being treated for TB which he believes that he contracted while being housed in Missouri due to his testimony in the E.D. of Missouri.

8

20.   Mr. Johnson has already been detained 545 days as of July 17, 2013. *See Presentence Report*, Doc. #905, pp. 2.  The presentence detention is sufficient to deter any future contemplated criminal action and to protect the public.  In particular, there are several factors Mr. Johnson possesses which indicate that he is not a recidivist risk:

   a.  Age is a powerful component of recidivism predictions. "Recidivism rates decline relatively consistently as age increases," from 35.5% under age 21, to 9.5% over age 50.  *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines (May 2004)*, pp. 12; Exhibit 9.

   b.   Recidivism rates decrease with increasing educational level (no high school (31.4%), high school (19.3%), some college (18%), college degree (8.8%). *Id.*

   c.   Recidivism rates are lower for defendants who are married (13.8%) or were married but are divorced (19.5%) than if never married (32.3%). *Id.*

   d.   Recidivism rates are lower for those without illicit drug use in the year prior to the offense (17.4%) than those who used illicit drugs in the year prior to the offense (31%). *Id.* at 13; Exhibit 10.

## 18 U.S.C. §3553(a)(3)

21.  Pursuant to the plea agreement, the defendant is facing a prison term.  There is

9

nothing in either the plea or the Presentence Report to suggest that a prison sentence is insufficient nor that such a sentence fails to satisfy the kinds of sentences available to the Court. Mr. Johnson, as noted in paragraph 20, has already served 545 days in custody. This is significant as it is greater than the amount of time than codefendant Calvin Riley received, thus indicating that Mr. Johnson, if sentenced to 18 months in prison, and then supervised release, would satisfy the types of sentences available to the Court.

18 U.S.C. §3553(a)(6)

22. A sentence of no more than 30 month in prison, plus one day in jail, avoids disparate sentences and to ensure that Mr. Johnson is treated in a similar manner as his codefendants.[3] To the contrary, Mr. Johnson appears to be receiving a higher sentence than other, more culpable co-defendants:

    a. Codefendant Calvin Riley was charged with the same offenses as Mr. Johnson and received a sentence of 15 months imprisonment and 3 years of supervised release. *See Presentence Report*, Doc. #905-2, Exhibit B, pp. 2.

    b. Codefendant Darrell Parker, an individual with a criminal history category IV, received a sentence of 18 months imprisonment. *Id.*

---

[3] It appears that codefendants with higher criminal histories have been sentenced to less time than Mr. Johnson. Counsel for Mr. Johnson cannot advise the Court as to the basis for disparate plea offers or sentencing concessions.

10

  c. Codefendant James Switzer, an individual with a criminal history category IV, was sentence to 40 months imprisonment.

Overall 18 U.S.C. §3553(a) Factors

23. Mr. Johnson incorporates by reference his Offender Characteristics as found in the Presentence Report. This section of the Presentence Report offers a good overview of the positive qualities Mr. Johnson has to offer society. Mr. Johnson is not a recidivist risk. He has strong family support and a strong educational background. His age, a lack of illicit drug use, along with his ability to fulfill his plea agreement, demonstrates that he is capable of successfully reentering society upon his release from custody.

24. Mr. Johnson, while awaiting disposition of this case, has demonstrated that he does not cause problems within a detention setting. During the course of his pre-sentencing detention, Mr. Johnson has been in FDC Englewood, FDC Oklahoma City, as well as a county detention center in Missouri. He has not caused any conduct problems. This fact is indicative of Mr. Johnson's ability to follow and obey instructions from others, demonstrating that he understands and accepts the punishment for his actions.

25. Mr. Johnson has ceased being a member of the motorcycle club at the center

of this case. He does not associate with any club members. He has no intention of associating with any club members. His desire is to be released and spend time with his wife, children and grandchildren.

26. The sentence proposed by Mr. Johnson achieves the goals of sentencing: it "imposes a sentence sufficient but not greater than necessary to achieve the goals of sentencing." *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007).

27. In determining the sentence, the court may not presume the recommendation of the Guidelines is the correct sentence, but "must make an individualized assessment based on the facts presented." *Rita v. United States*, 551 U.S. 338 at 347-48. After considering the factors in 18 U.S.C. § 3553(a), "there is no longer a limit . . . on the variances from the Guideline ranges that a District Court may find justified under the sentencing factors" of § 3553(a). *Irizarry v.United States*, 128 S. Ct. 2198, 2203 (2008). Accordingly, Mr. Johnson's requested sentence takes into account his individualized facts and constructs a variant sentence that is justified, logical and reasonable under the sentencing factors unique to Mr. Johnson.

### Sentencing Request

28. A sentence of 1 day in jail on Count Thirty - Two is consistent with the sentences other co-defendants have received. *See Presentence Report*, Doc. #905-2, Exhibit B.

29. It is Mr. Johnson's position that his guideline score(s), his criminal history, as

well as his 3553(a) factors, coupled with his lengthy pre-sentencing incarceration and substantial cooperation, <u>make him an excellent candidate for supervised release</u> (emphasis added).

30.  Mr. Johnson further urges the Court to grant a greater than 49% reduction for Count Thirty - Five, pursuant to 18 U.S.C. §3553(e).

31.  Mr. Johnson is requesting the Court sentence him to 544 days imprisonment on Count Thirty - Five, with supervised release of 2 years.  This sentence would release Mr. Johnson, upon sentencing, to supervised release and would be consistent with sentences received by his codefendants.

WHEREFORE, for the reasons stated herein, Mr. Johnson request the Court grant his variant sentencing request for Count Thirty - Two and the 5K1.1 and 3553 (e) request for Count Thirty - Five.

DATED at Denver, Colorado this, <u>10th</u> day of July, 2013.

<u>/s/Miller Leonard</u>
Attorney for Defendant
CO Reg. # 41029
14143 Denver West Pkwy. Suite 100
Golden, CO 80401
303-907-9516
<u>milller@themillerleonardlawfirm.com</u>

13

CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion was delivered, via the ECF system for the District of Colorado to all parties, this 10th day of July, 2013.

/s/ Miller Leonard