**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Honorable Marcia S. Krieger

Criminal Action No. 12-cr-00010-MSK-6

UNITED STATES OF AMERICA,
Plaintiff,
v.

1. GEORGE H. ASKEW,
2. ROMELL E. BULLOCK,
3. GREGORY A. COLLINS,
4. GEORGE A. GADDY,
5. DELBERT J. GARDNER,
**6. RICHARD W. JOHNSON**,
7. SHEPS H. KHAMSAHU,
8. ERIC LUGO,
9. LAWRENCE T. MARTIN,
10. JOHNIE A. MYERS,
11. DARRELL R. PARKER,
12. CALVIN R. RILEY,
13. COREY L. RILEY,
14. THOMAS A. SCHRAH, JR.,
15. JAMES R. SWITZER, and
16. CLIFFORD M. WRIGHT,

Defendants.

_____

**DEFENDANT'S TITLE 18 U.S.C. §3553(e) AND §5K1.1 SENTENCING
PROCEDURES MEMORANDUM/BRIEF**
_____

Defendant Richard Johnson, by and through counsel, hereby files his Title 18 U.S.C. §3553(e) and §5K1.1 procedures memorandum/brief. In support hereof, defendant states the following:

1

Preliminary Matters

1.  Defendant appeared before the Court for sentencing on July 17, 2013.  During the sentencing argument, the Government and defendant proposed two different arguments to the Court concerning how the Court is to apply § 3553(e) and whether or not the Court has the authority to depart greater than the departure requested by the Government.

2. Pursuant to the Plea Agreement (Doc. #500), the Government filed a §5K1.1 and § 3553(e) motion. This motion seeks a departure of 49% below the bottom of the otherwise applicate Guidelines sentencing range for Count Thirty-Two and Count Thirty-Five.  See Plea Agreement, Doc. #500, pp. 3 of 16, ¶ D; *Government's §5K1.1 and §3553(e) Motion For Downward Departure Based On Substantial Assistance,* Doc. #904, pp. 2 of 4, ¶ 4.

3.  At the hearing on July 17, 2013, the Government advanced the argument that the Court could not depart, on Count Thirty - Five, more than the 49% requested by the Government in their motion.  Defendant asserted that the Court could depart greater than the 49% requested by the Government.  The Court, then, requested each party to brief the matter.

4.  Defendant, as a preliminary matter, is not arguing that the Court can issue a variant sentence for Count Thirty - Five if the Court chooses to sentence the defendant below the statutory mandatory minimum sentence of sixty (60) months. Instead, the argument is how the Court can <u>depart</u> from the statutory mandatory

2

minimum sentence for Count Thirty - Five and, if the Court chooses to depart, the legal basis and procedure of such a departure.

## The Statute

5. 18 U.S.C. §3553(e) provides that:

> (e) Limited Authority To Impose a Sentence Below a Statutory Minimum. — Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

6. There are three significant aspects to §3553(e). First, in order to sentence below a statutory minimum sentence, the Government must file a motion with the Court requesting such a sentence. Second, the basis for a sentence below an established mandatory minimum is *substantial assistance* (emphasis added). Third, a sentence utilizing §3553(e) shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission.

3

## A Below the Mandatory Minimum Sentence Has Been Requested

7. The Government has filed a motion with the Court requesting that the Court sentence the defendant below the statutory mandatory minimum, pursuant to §3553(e).  *See Doc. #904.*

8. The Government acknowledges that defendant provided substantial assistance. *Id; July 17, 2013 Sentencing Hearing Remarks by Assistant United States Attorney Guy Till.*

9. Defendant is requesting that he be sentenced below the statutory mandatory minimum, however, there is a disagreement as to the procedure/mechanism the Court may employ should the Court choose to accept either, or both, the Government and defendant's sentencing request.  *See Doc. #907; Doc. #904; July 17, 2013 sentencing argument of both the Government and defendant.*

10. The Government has advanced the argument that the Court can only depart to the extent requested by the Government in the 5K1.1 and §3553(e) Motion (Doc. #904).  Defendant has advanced the argument that the Court can depart further than requested by the Government and that the Court is not bound to follow the Government's request.

## The 5K1.1 and §3553(e) Sentencing Structure

11.  The Court, when sentencing a defendant pursuant to 5K1.1 and §3553(e), must adhere to the language of the statue.

12.  The Court, if it chooses to depart, and sentence below the statutory mandatory minimum, under the authority of § 3553(e), must address the defendant's substantial assistance.  "The court ha[s] discretion to sentence below that minimum in a manner that reflects the nature and extent of the substantial assistance provided by the defendant-no more, no less." *United States v. A.B.*, 529 F. 3d 1275, 1285, citing *United States v. Ahlers*, 305 F.3d at 60 (1st Cir. 2002).

14.  The crucial language that allows the Court to depart from, and sentence below a statutory mandatory minimum is "*substantial assistance*" (emphasis added).

15.  The basis by which the Court decides what "substantial assistance" means is found in the United States Sentencing Guidelines in the § 5K1.1(a) factors:

> (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
> (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
> (3) the nature and extent of the defendant's assistance;
> (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
> (5) the timeliness of the defendant's assistance.

*U.S.S.G. § 5K1.1(a)*.

16.  Notable in its absence from both § 3553(e) and § 5K1.1(a) is any language

dictating that the extent of the Court's "substantial assistance" analysis is limited to the Government's evaluation of such assistance.  Instead, the Government's analysis is merely one of five of the factors in § 5K1.1(a) rather than a floor beneath which the court may not proceed.

17.  The Application Notes to § 5K1.1 illustrate applicable scenarios and justifications for a sentence beneath a statutory mandatory minimum.  The three Application Notes indicate the following:

> 1. Under circumstances set forth in 18 U.S.C. § 3553(e) and 28 U.S.C. § 99 (n), as amended, substantial assistance in the investigation or prosecution of another person who has committed an offense may justify a sentence below a statutorily required minimum sentence.
>
> 2. The sentencing reduction for assistance to authorities shall be considered independently of any reduction for acceptance of responsibility. Substantial assistance is directed to the investigation and prosecution of criminal activities by persons other than the defendant, while acceptance of responsibility is directed to the defendant's affirmative recognition of responsibility for his own conduct.
>
> 3. Substantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain.

*USSG §5K1.1*, comment. (n.1 - n.3).

18.  The background behind both § 5K1.1 and the Application Notes is mentioned:

> A defendant's assistance to authorities in the investigation of criminal activities has been recognized in practice and by statute as a mitigating sentencing factor. The nature, extent, and significance of assistance can involve a broad spectrum of conduct that must be evaluated by the court on an individual basis. Latitude is, therefore, afforded the sentencing judge to reduce a sentence based upon variable relevant factors, including those listed above. The sentencing judge must, however, state the reasons for reducing a

sentence under this section. 18 U.S.C. § 3553(c).  The court may elect to provide its reasons to the defendant in camera and in writing under seal for the safety of the defendant or to avoid disclosure of an ongoing investigation.

*USSG §5K1.1,* Background.

19.  Again, as in the language of 18 U.S.C. § 3553(e), the Application Notes, as well as the Background to § 5K1.1, are focused upon the "substantial assistance" of the defendant.  To be sure, the Government's evaluation of a defendant's "substantial assistance" is an important factor, but, it is not the only factor, nor does the Government get to dictate to the Court a floor as to a defendant's sentence.

20. The attempt to rewrite the meaning of § 3553(e) was rejected by the 10th Circuit.  In *A.B.,* Appellant argued that the Court should construe § 3553(e) and (f) in the same manner.  When faced with whether or not § 3553(e) departures should follow the same process as § 3553(f), the Court unambiguously rejected such a scheme.  *See A.B.*

21. The Government, by arguing that the Court may only sentence a defendant up to, but not below, their request in a departure motion, pursuant to § 3553(e), attempts to rewrite both the statute and the applicable Guideline provision. In rejecting a similar argument in *A.B.,* the Court noted:

> Specifically, § 3553(f) requires the district court to disregard the mandatory minimum sentence when certain conditions are met. Id. at 59. The statute "demonstrates Congress's ability to deploy unambiguous statutory language when it intends to authorize sentencing judges to ignore the limitations imposed by statutory minimum sentences and treat a 'mandatory minimum'

7

> case like any other." Id. (emphasis added). In contrast, § 3553(e) "speaks in much more circumspect terms." Id. It "retains the mandatory minimum as a reference point for a specific, carefully circumscribed type of departure." Id. Section 3553(e) "opens the door for a departure below the otherwise applicable mandatory minimum-but only those reasons related to the nature and extent of the defendant's substantial assistance can figure into the ensuing sentencing calculus." Id. at 60. In other words, unlike under § 3553(f), upon granting a § 3553(e) downward departure, a district court is not at liberty to treat the case "like any other," but rather must focus only on substantial assistance considerations.

*A.B.* at 1284.

The language above is crucial as the 10th Circuit has noted that Congress is capable of using "unambiguous language" when drafting a statute. Therefore, if Congress had intended § 3553(e) to allow the Government to dictate the floor or bottom end of the allowable departure, Congress would have stated that within the statute (§ 3553(e)). This conclusion is buttressed by the §5K1.1(a) factors which only require the Court to consider the Government's evaluation of the assistance rendered, rather than mandating that the Government's evaluation of the assistance rendered creates a floor or bottom to a § 3553(e) imposed sentence.

### Defendant's Suggested § 3553(e) Sentencing Procedure

22. Defendant respectfully suggests that "[t]he appropriate procedure in a case such as this is for the court to start with the mandatory minimum sentence as a baseline and then, after granting the § 3553(e) motion, to determine the extent to which the defendant's cooperation warranted a divergence from that baseline." *United States v. Winebarger,* 664 F.3d 388, 397 (3rd Cir. 2011).

23.  If the Court grants the § 3553(e) motion, the extent of any departure below a statutory mandatory minimum can only be based upon defendants "substantial assistance."

24.  Section 5K1.1 lists a number of factors for the Court to consider when determining the extent of defendant's substantial assistance, however, the list is a "...instructive, though not exhaustive, list of factors for a sentencing court should examine when assessing that assistance and determining how far below a statutory minimum it will sentence a defendant..." *Id.*

25.   As the § 5K1.1 factors are not an exhaustive list of factors, defendant respectfully suggests that another set of factors the Court should consider are the sentences given to co-defendants who also received §5K1.1 and § 3553(e) departure motions from the Government and the need to avoid sentencing disparity.

WHEREFORE, for the reasons stated herein, defendant requests the Court reject the Government's sentencing argument as both contrary to the plain language of 18 U.S.C. § 3553(e), as well as contrary to 10th Circuit precedent, and the policies of the United States Sentencing Commission as promulgated in the United States Sentencing Guidelines.

DATED at Denver, Colorado this,  <u>7th</u> day of August, 2013.

/s/Miller Leonard
Attorney for Defendant
CO Reg. # 41029
14143 Denver West Pkwy. Suite 100
Golden, CO 80401
303-907-9516
millller@themillerleonardlawfirm.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion was delivered, via the ECF system for the District of Colorado to all parties, this 7th day of August, 2013.

/s/ Miller Leonard