IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-cr-00010-MSK-06

**UNITED STATES OF AMERICA,**

　　Plaintiff,

v.

6.　**RICHARD W. JOHNSON,**

　　Defendant.
_____

**GOVERNMENT'S MEMORANDUM BRIEF ON THE ISSUE
OF VARIANCE EXCEEDING THE LIMIT OF GOVERNMENT'S SECTION
3553(e) MOTION FOR DEPARTURE BASED ON SUBSTANTIAL ASSISTANCE**
_____

　　THE UNITED STATES OF AMERICA, through United States Attorney John F. Walsh, by the undersigned Assistant U.S. Attorney, hereinafter referred to as the Government, respectfully submits this Memorandum Brief on the Issue of Variance Exceeding the Limit of Government's Section 3553(e) Motion for Departure Based on Substantial Assistance.

　　**Issue Presented:**

　　　　Whether the Court's sentencing authority is constrained by the limit of the Government's Title 18 U.S.C. Section 3553(e) motion for departure based on substantial assistance in the context of a sentence to be imposed under a statutory minimum sentence in a case in which the "safety valve" does not apply.

**Government's position:**

> In the context of a sentence to be imposed under a statutory minimum mandatory sentence, in a case in which the "safety valve" does not apply, the sentencing Court lacks authority to impose a sentence below the lower limit set by the Government's Section 3553(e) motion for departure based on substantial assistance.

**Discussion:**

A district court has discretion to grant or deny a Government motion under § 3553(e). *United States v. Horn,* 946 F.2d 738, 746 (10th Cir.1991); *see also United States v. McCarthy,* 97 F.3d 1562, 1577–78 (8th Cir.1996) (holding that the district court did not err when it granted a § 5K1.1 motion but denied a § 3553(e) motion). Of course, the district court properly can deny both the Government's § 5K1.1 motion and § 3553(e) motion. *United States v. Olson,* 413 F.3d 1119, 1120 (10th Cir. 2005); *Horn,* 946 F.2d at 746. *See also United States v. Pena-Ramirez*, 468 F. App'x 888, 891 (10th Cir. 2012). Review discloses a number of reported cases the defense asked for a defense variance based on § 3553(a) factors to be stacked on top of the departure requested by the Government's § 3553(e) motion. In the context of statutory minimum mandatory sentences where the "safety valve" provisions of § 3553(f) are not in play, the applicable decisions uniformly indicate that stacking a variance on a § 3553(e) Government motion is not proper.

In the present case the Government filed a motion pursuant to Title 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 asking the court to depart downward on the 60 month

2

statutory minimum mandatory sentence to be imposed upon a conviction for violation of Title 18 U.S.C. § 924(c)(1)(A)(I).  In colloquy at the first part of the sentencing hearing, in response to the Court's questions, the Government explained that the Government's § 3553(e) motion calls for a sentence including 30 months of imprisonment on the § 924(c)(1)(A)(I) count of conviction.  The defense has asserted that the Court should consider granting a variance further reducing the section 924(c)(1)(A)(I) sentence.  The Government has asserted that, because the sentence for a 924(c)(1)(A)(I) conviction is a statutory minimum sentence and the safety valve does not apply in this case, the Court's authority to sentence below the statutory minimum mandatory is constrained and the Court's authority to depart downward cannot exceed the Government's motion for departure.

Similar issues were raised and decided in *United States v. Campbell*, 995 F.2d 173, 174 (10th Cir. 1993).  In *Campbell*, the Government filed a § 3553(e) motion for downward departure based on substantial assistance.  Defendant then requested an additional departure pursuant to U.S.S.G. § 5K2.13 (diminished capacity).  *Id.* at 174.  The Tenth Circuit held that a government § 3553(e) motion **does not** open the door for further departures under the Guidelines.  "[A] downward departure from the statutory minimum sentence for any purpose other than that provided in U.S.S.G. § 5K1.1 would conflict with and therefore violate the statute."  *Id.* at 175.  The holding in *Campbell* shows that the involvement of a statutory minimum mandatory sentence presents a special case.

3

In a situation where a statutory minimum mandatory applies, although a defendant may ask the district court for a greater departure that the Government requests, the Court is constrained by the terms of § 3553(e) which do not provide an opportunity for the defense to file a contending § 3553(e) motion for departure. By statute, that prerogative is reserved to the Government. Defense efforts to usurp executive branch discretion to file the § 3553(e) motion to sentence below a statutory minimum mandatory sentence have been rejected in other circuits. *See United States v. Covington*, 360 F. App'x 426, 428 (4th Cir. 2010)(district court did not have authority to depart any further below the statutory minimum after granting the § 3553(e) motion, and therefore need not consider the § 3553(a) factors in fixing the defendant's sentence). Perhaps it is not surprising that defendants would wish the statutory scheme was different. In *United States v. Lamar*, 687 F. Supp. 2d 1316, 1322 (M.D. Ala. 2009), the district court found it was without authority to grant the variance requested by the defendant. The district court held that it lacked the power to grant a downward variance on the basis of the § 3553(a) factors following a departure below a mandatory minimum sentence pursuant to § 5K1.1 and § 3553(e). The district court found that to " hold otherwise would undermine a legislative scheme that provides only limited exceptions to statutorily mandated minimum sentences." The district court acknowledged the limitations on the court's authority arising from the separation of powers and went on to state that "[a]lthough the resulting sentence will not always be a 'reasonable sentence,' the court cannot legislate from the bench."

In *United States v. Williams*, 474 F.3d 1130, 1131-32 (8th Cir. 2007), the Eighth Circuit addressed the issue with regard to Title 18 U.S.C. § 3553(e); the Court held that once the district court reduced a sentence pursuant to a government motion filed under § 3553(e), the district court had no legal authority to further reduce the sentence by virtue of a § 3553(a) variance. *Id.* at 1131-32. *See United States v. Ahlers*, 305 F.3d 54, 59 (1st Cir.2002)("Thus, section 3553(f) demonstrates Congress's ability to deploy unambiguous statutory language when it intends to authorize sentencing judges to ignore the limitations imposed by statutory minimum sentences and treat a 'mandatory minimum' case like any other.")

The *Williams* decision was cited with approval by the Tenth Circuit in **United States v. A.B.**, 529 F.3d 1275, 1285 (10th Cir. 2008). In *A.B.* the district court granted Government's § 3553(e) motion. *Id.* at 1276-77. The defendant argued on appeal: (1) the district court should have considered § 3553(a) factors in assessing the appropriateness of a downward variance, after the grant of the § 3553(e) departure, *id.* at 1278 and 1280, or (2) the court should have considered § 3553(a) factors before granting a departure under § 3553(e), *id.* at 1279.

In *A.B.* the Tenth Circuit held: "[T]he district court . . . was without authority to go further below the statutory minimum based upon § 3553(a) factors after departing below the mandatory minimum under the authority of § 3553(e)." *Id.* at 1285. Citing, and reaffirming, *Campbell*, the court determined that "only substantial assistance considerations may support a downward departure below a mandatory minimum

5

sentence pursuant to § 3553(e)." *Id.* at 1281. *Accord United States v. Johnson*, 580 F.3d 666, 673 (7th Cir. 2009)(collecting cases).

In recent unpublished decisions, the Government respectfully submits that the Tenth Circuit has confirmed the principle that the district court's authority to depart below a statutory minimum mandatory sentence, in a case where the safety valve does not apply, depends upon and is constrained by the terms of the Government's §3553(e) motion. *See United States v. Riggins*, Tenth Circuit (Colo.) 2012 WL 2478159 (unpublished). *See also United States v. Tenorio*, Tenth Circuit (Colo.) 2013 WL 2631524 (unpublished) (In the *Tenorio* decision, the Court quoted 18 U.S.C. § 3553(e) – "Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." The *Tenorio* Court also cited with approval *United States v. A.B.,* 529 F.3d 1275, 1280 (10th Cir. 2008) . . . "As a matter of law, the district court [is] not authorized ... to consider factors other than substantial assistance in sentencing below the statutory minimum.").

**Conclusion:**

>Based on the foregoing argument and authorities, the Government respectfully submits that, in the context of a sentence to be imposed under a statutory minimum mandatory sentence, in a case in which the "safety valve" does not apply, the sentencing Court lacks authority to

impose a sentence below the lower limit set by the Government's Section 3553(e) motion for departure based on substantial assistance.

Respectfully submitted this 15th day of August, 2013.

>JOHN F. WALSH
>United States Attorney
>
>By:  s/*Guy Till*
>GUY TILL
>Assistant United States Attorney
>U.S. Attorney's Office
>1225 17th Street, Suite 700
>Denver, CO 80202
>Telephone:  (303) 454-0100
>Fax:  (303) 454-0401
>Email: Guy.Till@usdoj.gov
>Attorney for Government

## CERTIFICATE OF SERVICE

I certify that on this 15th day of July, 2013, I electronically filed the foregoing **GOVERNMENT'S MEMORANDUM BRIEF ON THE ISSUE OF VARIANCE EXCEEDING THE LIMIT OF GOVERNMENT'S SECTION 3553(e) MOTION FOR DEPARTURE BASED ON SUBSTANTIAL ASSISTANCE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

By:  *s/Lisa Tibbetts*
LISA TIBBETTS
Legal Assistant
United States Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone:  (303) 454-0100
FAX:  (303) 454-0409
E-mail: Lisa.Tibbetts@usdoj.gov